STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. ALICE KING, PLAINTIFF IN ERROR.

Submitted October 16, 1925—Decided March 2, 1926.

Crimes—Disorderly House—Liquor Taken in a Raid Made Without a Search Warrant—Trial Judge Not Warranted in Refusing to Admit in Evidence the Liquor Taken—Persons are Only Protected From Testimonial Compulsion, That is, From the Extortion of Unwilling Confessions or Declarations Implicating Him in Crime—Constitution Protects Against Unreasonable Searches—In View of the Evidence, the Seizure in This Instance was Not Unreasonable—Admission in Evidence of the Liquor Seized was Not Error—Ample Evidence to Let Case go to Jury—In Misdemeanors All Who Aid, Abet or Assist Are Principals and Equally Guilty.

On writ of error to the Monmouth County Court of Quarter Sessions.

Before Justices TRENCHARD, KATZENBACH and LLOYD.

For the plaintiff in error, James Mercer Davis.

For the defendant in error, John J. Quinn.

PER CURIAM.

This case is before us on a writ of error directed to the Monmouth County Court of Quarter Sessions. The writ brings up the record and conviction of Alice King upon an indictment charging her with maintaining and keeping a disorderly house in Monmouth county. The attempt is made to bring up the case on both a strict writ of error and under section 136 of the Criminal Procedure act. There are in the state of the case grounds printed for reversal and also specifications of causes for reversal. There is no certificate included in the state of the case to the effect that the entire record is brought up. The entire record could not very well be brought up because the record itself contains the statement that the first part of the trial was not reported.

The premises in question were located in Neptune City, on the west side of Ridge avenue, between Sylvania and Fourth avenues. The place was known as Laurel Garden Inn. The testimony offered in support of the indictments was chiefly that of detectives and of inmates of the house. The detectives testified that there was a dance hall in the place; that the girls danced with the men and asked them to buy drinks; that they would then ask them if they wanted to go upstairs; that if they replied they did arrangements were made with the defendant, Alice King, as to the room they were to occupy.

The first ground for reversal argued in behalf of plaintiff in error is that the trial court overruled a motion made before the trial of the indictment to direct the return of certain liquor seized by the state's agents in the raid upon Laurel Garden Inn. The position of the plaintiff in error appears to be that when upon the direct examination of a witness for the state the witness was asked if on the night of the raid he got any liquor, and objection was made, and counsel for the defendant stated that his objection was on the ground of his motion before the commencement of the trial, and the court permits him to state, upon the record, that the offer of the liquor is objected to because it appears that no warrant to search the place was issued and therefore unauthorized, and testimony given without the legality of a search warrant is inadmissible, that this statement appearing upon the record as made by counsel is sufficient to raise the question as to the legality of the admission of testimony with reference to the liquor seized. We do no think the question can be raised in this manner. The entire proceedings relative to the motion mentioned as having been made prior to the trial should be a part of the record in order for us to properly pass upon this question. Assuming, however, liquor was taken in the raid and the raid was made without a search warrant, these facts do not warrant a trial judge in refusing to admit in evidence the liquor taken. A person is only protected from testimonial compulsion, that is, from the extortion of unwilling confessions or declarations impli-

cating him in crime. Chattels obtained from a person's control without the use of process against him as a witness may be used evidentially, for the proof of their identity, or other circumstances affecting them, must be made by others without the employment of the accused's oath. *Wigm. Evid.*, § 2264. In *State* v. *Krinski*, 62 *Atl. Rep.* 37, it was held by the Supreme Court of Vermont that in a prosecution for keeping for sale intoxicating liquors without a license, it was proper to admit in evidence liquors which had been seized, irrespective of the legality of the warrant. The provisions of the federal constitution regarding unreasonable searches and seizures are not limitations upon state powers. Section 6 of article 1 of the New Jersey state constitution protects persons and property only against unreasonable searches and seizures. In view of the evidence which the state possessed of the character of the place prior to the raid, it cannot well be said, in our opinion, that the seizure of the liquor found in the place was in any sense unreasonable. The admission of the liquor seized in evidence was not error.

The second ground urged for reversal is that the court refused to direct a verdict in favor of the defendant. In the case of *State* v. *Moreshouse*, 97 *N. J. L.* 285, it was held that if there was any testimony supporting the charge made in the indictment, the question of the defendant's guilt or innocence was for the determination of the jury, and not for the court, and that it was proper to deny a motion to direct a verdict for the defendant. In the present case there was ample testimony furnished by the witnesses for the state of the character of the house and of the position of the defendant therein to warrant its submission to the jury. It is true the testimony principally came from detectives, yet, nevertheless, it was evidence, and it was for the jury to determine the weight of the testimony. The trial court ruled properly in refusing to direct a verdict.

The third ground advanced for a reversal of the judgment is that the trial judge erred in charging the jury that the defendant could be convicted as a principal, if she aided,

abetted or assisted in conducting the establishment. The exact words of the charge in this regard are as follows: "It is my duty to say to you, gentlemen, even though the lessee was not included in the indictment, if the defendant aided, assisted or abetted in conducting the house in the way it is alleged by the state, that under our law she becomes a principal as well as the lessee, because if the things occurred that some of the witnesses testify, you may conclude that she was in active management of the place. Whether you will or not is for you to say. That is mere comment of the court."

The argument advanced is that this is applicable to felonies and that the keeping of a disorderly house is not a felony. The answer to this argument is that the keeping of a disorderly house was at common law a crime, and is defined by the Crimes act of New Jersey as a misdemeanor. *Pamph. L.* 1898, *p.* 854. In New Jersey, crimes created by statute are either misdemeanors or high misdemeanors, but never felonies. In misdemeanors all who aid, abet or assist are principals and equally guilty. *State* v. *Engerman,* 54 *N. J. L.* 247; *State* v. *Wilson,* 79 *Id.* 241. The charge of the court was correct.

The final point argued for the plaintiff in error is that the verdict was contrary to the weight of the evidence. We cannot consider this question in view of the state of the record, which, as has been pointed out, does not contain the report of the first part of the trial. We cannot tell how we might be influenced by the testimony not included in the record.

The judgment of conviction is affirmed.